UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE GILBERT, | ) | CASE NO. 1: 91 CR 326 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Tyrone Gilbert's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  (ECF # 54.)

**I.**

On November 27, 2006, Petitioner admitted guilt to one new law violation of his term of federal supervised release.  Petitioner entered a plea of no contest to a second violation.  The Court sentenced Petitioner to 24 months of incarceration, with no supervised release to follow.

On October 4, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  (ECF # 54.)  On January 23, 2008, Respondent filed a response to Petitioner's Motion, requesting that the Court deny the Motion.  (ECF # 65.)

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude"

that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

Petitioner attempts to set forth two grounds for relief in his Motion. In his first ground for relief, Petitioner claims ineffective assistance of counsel. He states:

> Defendant was prejudiced by counsel, and denied the effective assistance of counsel when counsel failed to advise him of the "direct consequences" of pleading guilty to federal probation violation charge before resolving state case in which probation charges stem. This automatically rendered Defendant's sentence consecutive.

(ECF # 54.)

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that, but for counsel's unprofessional errors, Petitioner would not have entered a plea of guilt. *See Strickland v. United States*, 466 U.S. 668, 694 (1984); *McAdoo v. Elo*, 365 F.3d 487, 498-99 (6th Cir. 2004). In this case, Petitioner fails to demonstrate that his counsel's conduct fell below the objective standard of reasonableness. Defense counsel confirmed on the record that he had conferred with Petitioner, and that Petitioner had expressed his desire to plead guilty in federal court, resolving the state case afterwards. Furthermore, even assuming that

Petitioner could demonstrate that his counsel's conduct fell below the objective standard of reasonableness, he is unable to show prejudice. As such, Petitioner's claim that but for the ineffectiveness of trial counsel, he would have received a more favorable sentence is without merit. The Court shall not grant relief on this basis.

In his second ground for relief, Petitioner alleges that he was denied procedural due process during the sentencing phase. Petitioner states:

> District Court Judge's failure to warn Defendant of the "direct consequences" of pleading guilty to federal probation violation charge prior to resolving state charge in which federal probation violation stems automatically rendered federal sentence consecutive, and thus, rendered Defendant's plea involuntary.

(ECF # 54.)

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Although, as Respondent points out, collateral attacks on guilty pleas are permitted in certain specifically articulated categories, Petitioner's second ground for relief fails to fall within any of the recognized exceptions. The record reflects that Petitioner entered a guilty plea knowingly and voluntarily. In addition, Petitioner's counsel and the Court both acknowledged that the federal and state sentences could run concurrently or consecutively. In sum, because Petitioner was made fully aware of the direct consequences of his choice to enter a guilty plea, and the Court determined that Petitioner entered the plea both knowingly and voluntarily, Petitioner's second ground for relief is without merit.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to

no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED. (ECF # 54.) Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                              *s/ Donald C. Nugent*
                              DONALD C. NUGENT
                              United States District Judge

DATED: February 28, 2008